EMERY J. VANCE ET AL. v. CHARLES H. WISNER, CIRCUIT JUDGE OF SHIAWASSEE COUNTY.

*Receiver—Powers.*

A village, claiming that a bonus by it paid to a manufacturing company was procured by fraud, filed a bill to set aside certain transfers of the property of such corporation, and to protect its rights therein. The court, pending a hearing, enjoined the officers of the company from interfering with its property, and appointed a receiver with general powers. And it is held that, while the injunction should be retained, the powers of the receiver should be limited to the protection of the property and the collection of debts.

*Mandamus.* Argued October 2, 1894. Granted in part October 30, 1894.

The village of Vernon entered into a contract whereby, to secure the location of a manufacturing enterprise, it advanced to the Partition Packing & Box Company the sum of $10,000, and procured for it a factory site. Subsequently, the trustees of the village filed a bill in the circuit court of Shiawassee county, in chancery, to set

aside said conveyance to the company and certain mortgages given by it upon its real and personal property, and to enforce the rights of the village therein, claiming that it was induced to enter into the contract and to make said advances through fraud and misrepresentation. Pending a hearing, the court issued an injunction restraining the officers and agents of the company from collecting, disposing of, or interfering with the property of the company, and appointed a receiver thereof, with authority to pay debts, collect claims, and continue the business generally. Relators, the defendants in said suit, apply for a *mandamus* to compel the court to vacate said orders.

*Hatch & Cooley*, for relators.

*Albert L. Chandler*, for respondent.

PER CURIAM. The appointment of the receiver will not be disturbed, but the order of appointment will be modified, limiting his power to the protection of the property and the collection of debts. The injunction will be retained.